Graves v Brookdale Univ. Hosp. & Med. Ctr. (2019 NY Slip Op 08511)





Graves v Brookdale Univ. Hosp. & Med. Ctr.


2019 NY Slip Op 08511


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10428 306857/08

[*1] Gregory Graves, as Administrator of the Estate of Lovely Graves, deceased, Plaintiff-Appellant,
v
Brookdale University Hospital and Medical Center, et al., Defendants, David Tavdy, Defendant-Respondent.


Stevens, Hinds & White, P.C., New York (Aaron David Frishberg of counsel), for appellant.
Brown, Gaujean, Kraus & Sastow, PLLC, White Plains (Joan Ruddy of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about July 26, 2018, which granted the motion of defendant David Tavdy, M.D. for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.
The court properly dismissed the complaint as against Tavdy as time-barred (CPLR 214-a). The statute of limitations on the medical malpractice cause of action began to run on October 30, 2006, when plaintiff was appointed the decedent's guardian, and expired in April 2009, and the subject action was not commenced until October 2016. Moreover, since the statute of limitations on the malpractice action expired before the decedent's death and the wrongful death action was predicated on malpractice, that cause of action was also time-barred (see Bevinetto v Steven Plotnick, M.D., P.C., 51 AD3d 612, 615 [2d Dept 2008]).
Plaintiff failed to raise an issue of fact as to whether the statutes of limitation on the causes of action against Tavdy were otherwise inapplicable (see Wilson v Southampton Urgent Med. Care, P.C., 112 AD3d 499 [1st Dept 2013]). Although plaintiff attempted in invoke the relation-back doctrine, he did not show that defendant hospital and Tavdy were so united in interest that Tavdy could be charged with notice of the first action that plaintiff commenced against the hospital or that Tavdy knew or should have known that he intended to sue him (see Buran v Coupal, 87 NY2d 173, 178 [1995]; Garcia v New York-Presbyt. Hosp., 114 AD3d 615, 616 [1st Dept 2014]; compare Rivera v Wycoff Hgts. Med. Ctr., 175 AD3d 522 [2d Dept 2019]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK